UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CNB BANCSHARES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-33 |
| | ) | (Phillips) |
| STONECASTLE SECURITIES LLC, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff CNB Bancshares, Inc., has sued defendant alleging (1) breach of contract, (2) misrepresentation and fraud, and (3) violation of the Tennessee Protection Act. This matter is before the court on the motion of defendant Stonecastle Securities LLC to dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure [Doc. 5]. Plaintiff has responded in opposition [Doc. 7].

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses).  The court must liberally construe the complaint in favor of the party opposing the motion.  *Id.*  However, the complaint must articulate more than a bare assertion of legal conclusions.  *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988).  "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (citations omitted).

Defendant moves for dismissal of the complaint pursuant to Rule 12(b)(6) on the grounds that the document CNB seeks to enforce through its complaint is not a valid, enforceable contract because (1) there was no meeting of the minds to the final terms of a contract, (2) the document requires the execution of additional documents in order to finalize the agreement, and (3) the document fails to identify essential terms of an agreed issuance size for the purchase or placement of CNB securities.  Plaintiff responds that the factual averments of the complaint, together with the terms of agreement contained in the confidential letter agreement establish the parties' mutual obligations, and are sufficient to withstand a motion to dismiss.  In addition to the factual averments set forth in the complaint, CNB avers that the confidential letter agreement states the parties' agreement to sell and purchase CNB's securities upon the terms specified in the letter agreement.

Both the defendant and the plaintiff have requested this court to consider matters outside of the complaint in ruling upon defendant's motion to dismiss. Rule 12(d), Federal Rules of Civil Procedure, stipulates that if, on a motion under Rule 12(b)(6) or

12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion, the Rule stipulates, and the court must consider the motion as one for summary judgment. However, Rule 12 of the Federal Rules of Civil Procedure was not intended to be a substitute for summary judgment.

Moreover, as pointed by the plaintiff in response to the defendant's motion, the Tennessee Court of Appeals has noted that "the determination that an agreement is sufficiently definite is favored. Therefore, the courts will, if possible, so construe the agreement as to carry into effect the reasonable intention of the parties, if that can be ascertained. The law leans against the destruction of contracts for uncertainty, particularly where one of the parties has performed his part of the contract." *APCO Amusement Co. v. Wilkins Family Restaurants, Inc.,* 673 S.W.2d 523, 528 (Tenn.App. 1984).

At this juncture in the proceedings, the court does not believe that the record has been sufficiently developed to support a motion to dismiss, or a motion for summary judgment, and, accordingly, defendant's motion to dismiss [Doc. 5] is **DENIED.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge