UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CNB BANCSHARES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:09-CV-33 |
| | ) (PHILLIPS/GUYTON) |
| V. | ) |
| | ) |
| STONECASTLE SECURITIES, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is a Motion for Attorneys' Fees and Expenses [Doc. 75], filed by Stonecastle Securities ("Stonecastle Securities"). For the reasons stated herein the undersigned will **RECOMMEND** that the Motion for Attorneys' Fees and Expenses [Doc. 75] be **GRANTED IN PART** and **DENIED IN PART**.

## I.     BACKGROUND

In 2007, CNB Bancshares ("CNBB") sought to issue securities. In June 2007, the parties executed a written agreement that Stonecastle would purchase or arrange for the purchase of CNBB's securities. CNBB maintained throughout this litigation that the written agreement was a binding agreement of the parties. Ultimately, Stonecastle did not purchase or arrange for the purchase of CNBB's securities. On January 26, 2009, CNBB filed their Complaint [Doc. 1], alleging that Stonecastle breached and repudiated its contractual obligations to purchase or arrange for the purchase of securities issued by CNBB.

The Amended Complaint [Doc. 25] contained two counts: (1) a breach of contract claim and (2) a claim for violation of the Tennessee Consumer Protection Act ("TCPA").[1] With regard to the breach of contract claim, CNBB alleged that it had been damaged in an amount of not less than $1,995,000.00. [Doc. 1 at 3; Doc. 25 at 3]. With regard to the claim under the TCPA, CNBB asked that the $1,995,000.00 figure be trebled and that CNBB be awarded punitive damages of up to $10,000,000.00. [Doc. 25 at 6].

On July 13, 2012, the Court granted Stonecastle's Motion for Summary Judgment. The Court found that CNBB could not prevail on its breach of contract claim because CNBB failed to satisfy a condition precedent of the parties' agreement. [Doc. 72 at 9]. The Court found that the Plaintiff had failed to allege a fact that could be characterized as unfair or deceptive, and therefore, the Court found that the TCPA claim failed as a matter of law. [Id. at 13]. In pertinent part, the Court found that the facts cited by CNBB in support of its claim under the TCPA would "not support a claim under the TCPA." [Id.]. The Court explained, "Because there is no factual or legal basis for CNB's claim under the TCPA, Stonecastle is entitled to judgment as a matter of law on this claim." [Id.].

Following entry of judgment in its favor, Stonecastle filed the instant motion. The motion was referred to the undersigned, and the parties were given a period to supplement their initial filings. The parties appeared before the undersigned on May 1, 2013, to present oral arguments on the motion.

---

[1] CNBB arranged its claims into two counts. The title of Count II – entitled "Misrepresentation, Fraud, Bad Faith, Breach of Implied Duty of Good Faith and Fair Dealing, and Tennessee Consumer Protection Act" – could be construed as alleging multiple claims. The substance of Count II, however, focuses upon the TCPA. In its Memorandum Opinion, the Court treated the case as containing three claims: (1) breach of contract; (2) misrepresentation/fraud, and (3) violation of the TCPA.

## II.    POSITIONS OF THE PARTIES

Stonecastle argues that it should be awarded attorneys' fees pursuant to Tennessee Code Annotated § 47-18-109(e)(2), which states:

> In any private action commenced under this section, upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs.

Stonecastle argues that the Court's ruling establishes that the TCPA claim lacked factual or legal support.  Stonecastle contends that the Court's previous ruling [Doc. 72] establishes that an award of fees is available to Stonecastle.  Stonecastle maintains that the frivolousness of this suit makes an award of fees and expenses under § 47-18-109(e)(2) appropriate.  Stonecastle seeks an award of $128,378.72 in attorneys' fees, or as an alternative, a reduced award of $114,128.68, representing a *pro rata* calculation of the fees to be assigned to the TCPA claim.

Stonecastle maintains that this case was a breach of contract case, but CNBB included a claim under the TCPA to treble damages and increase the stakes of the suit.  In support of this position, Stonecastle notes that CNBB never identified any damages specific to its TCPA claim.  Stonecastle argues that by increasing the potential damages CNBB substantially increased the legal fees and expenses incurred by Stonecastle.

CNBB responds that its TCPA claim was not frivolous under § 47-18-109(e)(2).  [Doc. 85].  CNBB maintains that the TCPA fee-shifting applies where a claim is dismissed pursuant to Rule 8 or Rule 12 of the Federal Rules of Civil Procedure, not simply where a claim does not survive summary judgment.  CNBB argues that the case law establishes the same.  At oral argument, CNBB maintained that the Court should look to whether CNBB's suit was meant to

harass Stonecastle. CNBB argued that the standard for awarding fees under § 47-18-109(e)(2) was a higher standard than indicated by Stonecastle.

In it supplemental filing, CNBB raised an additional issue. Stonecastle pled its claim to attorneys' fees as a counterclaim in its answer [Doc. 29 at 12-14]. The District Judge's Memorandum Opinion did not explicitly grant summary judgment on this counterclaim, and the counterclaim was not addressed before the Clerk of Court closed the case. At the hearing, Stonecastle argued that it requested fees under § 47-18-109(e)(2) in its Motion for Summary Judgment and argued in favor of awarding fees and expenses under § 47-18-109(e)(2) in its Memorandum supporting the Motion for Summary Judgment. Stonecastle argued that the District Judge implicitly granted this request.

## III.    ANALYSIS

As noted above, the Tennessee Consumer Protection Act provides:

> In any private action commenced under this section, upon finding
> that the action is frivolous, without legal or factual merit, or
> brought for the purpose of harassment, the court may require the
> person instituting the action to indemnify the defendant for any
> damages incurred, including reasonable attorney's fees and costs.

§ 47-18-109(e)(2).

The Court finds the Tennessee Court of Appeals discussion of § 47-18-109(e)(2) in Glanton v. Bob Parks Realty, 2005 WL 1021559 (Tenn. Ct. App. Apr. 27, 2005), to be persuasive. The Court of Appeals explained:

> The Tennessee Consumer Protection Act should be liberally
> construed to achieve its purpose of protecting consumers from
> those who engage in deceptive acts or practices. Morris v. Mack's
> Used Cars, 824 S.W.2d 538, 540 (Tenn.1992); Haverlah, 674
> S.W.2d at 305. The attorney fee provision found in Tenn. Code
> Ann. § 47-18-109(e)(1) of the Act was designed to serve that same

4

purpose. As this court said in <u>Killingsworth</u>, 104 S.W.3d at 535, "the potential award of attorneys' fees under the Tennessee Consumer Protection Act is intended to make prosecution of such claims economically viable to plaintiff."

Conversely, the provision for attorney fees found in Tenn. Code Ann. § 47-18-109(e)(2) is designed to discourage consumers from using the Act to file frivolous *or baseless* claims. It is not intended to punish plaintiffs who can demonstrate wrongful acts on the part of defendants, but who are unable to prevail on their claims for other reasons. Too strict an application of this subsection would result in a "winner take all" situation, regardless of the circumstances, that would undermine the purpose of protecting the consumer. We therefore do not interpret the statutory term "without legal or factual merit" to mean without sufficient merit to prevail, but rather as so utterly lacking in an adequate factual predicate or legal ground as to make the filing of such a claim highly unlikely to succeed.

<u>Glanton</u>, 2005 WL 1021559 at *9 (emphasis added).

As the plain language of the statute demonstrates, fees may be awarded upon a finding that the action is: (1) "frivolous," (2) "without legal or factual merit," or (3) "brought for the purpose of harassment." At the hearing, counsel for CNBB argued that an award of fees was only warranted under § 47-18-109(e)(2), when "egregious conduct" had taken place. This interpretation is not supported by the plain language of the statute. CNBB also emphasized the need for a finding of harassment. While harassment may be one basis for awarding fees under § 47-18-109(e)(2), frivolousness *or* lack of legal or factual merit are equally viable bases for an award. As the court in <u>Glanton</u> indicated, the Court looks to the factual and legal basis for the claim and the low likelihood of success, not a party's motivation for filing, when evaluating whether an award is appropriate under § 47-18-109(e)(2). 2005 WL 1021559 at *9.

CNBB cites the Court to <u>Borescopes R Us v. 1800Endoscope.com</u>, LLC, 2010 WL 4809955 (M.D. Tenn. Nov. 18, 2010). The Court finds that <u>Borescopes</u> applied the statutory standard above. After citing the statutory language, the court in <u>Borescopes</u> quoted the Court of

5

Appeals explanation in <u>Glanton</u>, reiterating that Tennessee courts "do not interpret the statutory term 'without legal or factual merit' to mean without sufficient merit to prevail, but rather as so utterly lacking in an adequate factual predicate or legal ground as to make the filing of such a claim highly unlikely to succeed." <u>Id.</u> at *1 (quoting <u>Glanton</u>, 2005 WL 1021559 at *9).

In closing its decision, the court in <u>Borescopes</u> states that the case "was not oppressive, frivolous, or for the purpose of harassment," and therefore, concludes that an award of fees is not appropriate. This summary states the legal standard in slightly different language than the language used in the statute. The court in <u>Borescopes</u> did not explicitly state that it, a federal court, intended to change the state-law standard. Instead, it quoted the statute directly and quoted <u>Glanton</u> at length. The Court finds that <u>Borescopes</u> does not support finding that the standard for when an award of fees is appropriate is different than the standard laid out in § 47-18-109(e)(2) or <u>Glanton</u>.

The Court has also considered CNBB's position that the case did not lack a legal or factual basis because the Court declined to dismiss the case when a motion to dismiss was filed. The Court finds this position unpersuasive. First, § 47-18-109(e)(2) does not set dismissal under Rule 12 or Rule 8 of either the Tennessee Rules of Civil Procedure or the Federal Rules of Civil Procedure as a condition precedent or even component of deciding whether an award of fees is appropriate. Second, the District Judge in this case elected to treat the motion to dismiss as a motion for summary judgment because it referenced materials beyond the pleadings, and as a result, the District Judge found that the motion for summary judgment was premature.[2] [Doc. 9 at 2-3]. As noted above the Court later granted summary judgment. The Court finds that, under

---

[2] At that time, the case was one year old, a Scheduling Order had not been entered, and the parties had not submitted a Rule 26(f) plan.

these circumstances, the fact that the case was not dismissed on motion does not weigh in favor or against an award of fees.

In this case, the Court finds that an order directing that CNBB indemnify Stonecastle for its attorneys' fees is appropriate, because the TCPA claim was brought "without legal or factual merit." Tenn. Code Ann. § 47-18-109(e)(2). The District Judge stated the same in his Memorandum Opinion. [Doc. 72 at 13]. Applying the guidance from <u>Glanton</u> supports awarding attorneys' fees. The instant case is not a case where the plaintiff "can demonstrate wrongful acts on the part of defendants, but [is] unable to prevail on [its] claims for other reasons." <u>Glanton</u>, 2005 WL 1021559 at *9. Instead, the District Judge found that the two facts cited by CNBB in support of its TCPA claim were neither unfair nor deceptive. [Doc. 72 at 13]. Simply put, Stonecastle did not avoid responsibility for wrongdoing based upon a procedural error or technical flaw in CNBB's case, but rather, the Court found that CNBB did not demonstrate wrongdoing on the part of Stonecastle.

The Court is mindful that § 47-18-109(e)(2) is not a mandatory provision and does not compel an award of fees and expenses. Instead, "the court *may* require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs." § 47-18-109(e)(2) (emphasis added). As the Court of Appeals in <u>Glanton</u> explained, § 47-18-109(e)(2) is "designed to discourage consumers from using the Act to file frivolous or baseless claims." 2005 WL 1021559 at *9. The Court finds that in the instant case CNBB presented a baseless claim under the TCPA, which substantially increased the monetary stakes of this litigation. As a review of the District Judge's Memorandum Opinion indicates, this case was a simple contract dispute, resolved by applying a basic concept of contract law: the condition precedent. The discovery and litigation accompanying such a claim is relatively simple.

Combining the contract claim with the claim under the TCPA, which was baseless, increased the scope of this litigation substantially. Under the circumstances, the Court finds that CNBB should be ordered to indemnify Stonecastle for its fees and expenses.

The Court has considered the procedural posture issue raised by CNBB. The Court finds that the fact that the District Judge did not specifically address the counterclaim relating to attorneys' fees does not undermine the merits of Stonecastle's request for fees and expenses under § 47-18-109(e)(2). The District Judge ruled that the Motion for Summary Judgment [Doc. 41] was granted, and the language used indicates that the Motion for Summary Judgment was granted in its entirety. The Motion for Summary Judgment explicitly requested that the "Court find [CNBB's] allegation that StoneCastle violated the Tennessee Consumer Protection Act lacks legal and/or factual merit so that StoneCastle should be awarded its attorney's fees for defending a frivolous claim under section 47-18-109 of the Tennessee Code." [Doc. 41 at 3]. The District Judge's Memorandum Opinion granted all relief contained in the Motion for Summary Judgment, and therefore, the undersigned finds that it granted the request for attorneys' fees.

In addition, the Court finds that CNBB has not cited the Court to any legal authority that would support finding that the attorneys' fees request must be brought in a stand-alone claim. The language of § 47-18-109(e)(2) implies that a request for an award of attorneys' fees would merely follow litigation of the TCPA claim, not that it would be a separate claim. See § 47-18-109(e)(2). The pertinent provision begins by stating that "In any private action commenced under this section . . . ." and goes on to state that the court may order the plaintiff to indemnify the defendant for attorneys' fees and costs. This language indicates that the request for an award of attorneys' fees accompanies the TCPA claim and is not an independent claim.

8

Based upon the foregoing, the Court finds that Stonecastle's request for an award of fees and expenses is well-taken. The Court will order CNBB to indemnify Stonecastle for a portion of the fees and costs incurred in defending the TCPA claim pled by CNBB. Stonecastle has requested $128,378.72 in attorneys' fees and expenses. [Doc. 76]. Alternatively, Stonecastle argues that it should be awarded $114,128.68, which represents 88.9% of the fees and expenses incurred. Stonecastle's alternative proposal is derived from its calculation that 88.9% of the damages pled by CNBB were based upon the TCPA claim.

The Court finds that Stonecastle's proposed amounts of compensation exceed the fees and expenses reasonably incurred in defending the TCPA claim. It is impossible to determine the exact amount of fees that should be attributed to each claim, but the Court finds that an award of 40% is the best estimation of the attribution.[3] In so finding, the Court finds that the dollar amount of damages claimed does not have a direct correlation to time spent on a claim. Further, the Court finds that it is not appropriate to award the entirety of the attorneys' fees and expenses incurred in this case under the § 47-18-109(e)(2), because even without the TCPA claim, the parties would have litigated the contract claim. Accordingly, the undersigned will **RECOMMEND** that the District Judge order CNBB to indemnify Stonecastle for **$51,351.49**, representing the attorneys' fees and expenses reasonably incurred in litigating the TCPA claim.

Finally, counsel for CNBB stated at oral argument that CNBB intended to reserve its right to object to the amount of fees proposed by Stonecastle. CNBB had an opportunity to state all of its objections to the amount in its Response to the Motion for Attorneys' Fees and Expenses, [Doc. 81]. When this issue came to the undersigned approximately six months after

---

[3] This represents a three-part division of the litigation, consistent with the District Judge's division of the allegations into three claims. As noted above, however, CNBB organized its Amended Complaint into just two counts. Thus, the District Judge and CNBB conflict on whether the fraud/misrepresentation allegations constitute a separate claim. The undersigned has, therefore, allocated 50% of the litigation costs to the primary claim of breach of contract, 10% to the fraud/misrepresentation claim, and 40% to the TCPA claim.

the initial briefing, the undersigned afforded the parties additional time to file whatever supplemental materials they deemed appropriate. On May 1, 2013, the parties had the opportunity to state their positions, and at that time, CNBB did not state any specific objections to the amount requested, except to assert its view that only $4,200.00 of the amount sought by Stonecastle was attributable to the TCPA claim.

The Court has considered all of the objections brought to its attention, either orally or in writing, on or before May 1, 2013. The Court will not, however, open the issue of the amount of the award to additional briefing. Almost a year has passed since Judgment was entered in this case. The parties have had sufficient time and opportunity to present their positions on this issue, and the Court finds that a final disposition of this issue is in the parties' best interests and is consistent with Rule 1 of the Federal Rules of Civil Procedure. In addition, the Court finds that CNBB has not cited any rule or provision of the Federal Rules of Civil Procedure or the Local Rules that would allow CNBB's last-minute reservation of additional objection.

## IV.  CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[4] that the Motion for Attorneys' Fees and Expenses **[Doc. 75]** be **GRANTED IN PART** and **DENIED IN PART**, in that the request for fees and costs be **GRANTED** in the amount of **$51,351.49**, but any request for fees beyond that amount be **DENIED**.

Respectfully Submitted,

  /s H. Bruce Guyton
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).